# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**JAMES WESLEY SCOTT, # 20590**                                                           **PETITIONER**

**versus**                      **CIVIL ACTION NO. 2:10cv179-KS-MTP**

**STATE OF MISSISSIPPI, ET AL.**                                          **RESPONDENTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the Petition of James Wesley Scott for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2254, and Respondents' Motion to Dismiss [6] pursuant to § 2244(d). Having considered the submissions of the parties, along with documents made a part of the record of this case and the applicable law, the undersigned recommends that Respondents' Motion to Dismiss [6] be granted and that the petition be dismissed with prejudice.

## PROCEDURAL HISTORY

On or about September 6, 2001, Petitioner was convicted of robbery in the Circuit Court of Forrest County, Mississippi. Petitioner was sentenced to a term of fifteen years in the custody of the Mississippi Department of Corrections ("MDOC"). *See* Petition [1] at 1. Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, and the Mississippi Court of Appeals reversed and remanded the trial court's judgment. After its motion for rehearing was denied, the State sought certiorari review, which was granted by the Mississippi Supreme Court on January 10, 2008. *See Scott v. State,* 981 So. 2d 964 (Miss. 2008). On May 15, 2008, the Mississippi Supreme Court reversed the judgment of the Mississippi Court of Appeals and reinstated the trial court's judgment. *Scott*, 981 So. 2d at 966; *see also* Ex. A to Motion [6-1]. According to the records of the Mississippi Supreme Court and the Petition [1] filed in this case, he did not file a petition for writ of certiorari to the United States Supreme

Court.[1]

Petitioner filed a Motion for Leave to Proceed in the Trial Court with the Mississippi Supreme Court on or about May 13, 2010.[2] The Mississippi Supreme Court denied the motion on June 16, 2010.[3]

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about July 20, 2010. The Respondents contend that Petitioner's Petition was not timely filed and that it should be dismissed.

DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435 (5th Cir. 2003). A state judgment becomes final "upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). The expiration of the time for review thus includes "the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003).

As stated above, the Mississippi Supreme Court reversed the judgment of the Mississippi Court of Appeals and reinstated the trial court's judgment on May 15, 2008. *Scott,* 981 So. 2d at

---

[1]Petition [1] at ¶ 9(h); http://www.mssc.state.ms.us/appellate_courts/generaldocket.html (last visited 9/1/10).

[2]*See* Ex. B to Motion [6-2].

[3]*See* Ex. C to Motion [6-2].

2

966; *see also* Ex. A to Motion [6-1]. Petitioner did not file a petition for writ of certiorari with the U.S. Supreme Court. Accordingly, Petitioner's judgment became final-- and the statute of limitations for federal habeas relief began to run-- on August 13, 2008 (ninety (90) days after the final decision in state court), giving him until August 13, 2009, to file his petition. Petitioner did not file his federal petition until, at the earliest, July 15, 2010,[4] almost one year after the federal statute of limitations had expired. Based on the foregoing, Petitioner's federal petition for habeas corpus is barred by the one-year statute of limitations unless he is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between the judgment becoming final on August 13, 2008, and Petitioner's filing of the federal petition for habeas corpus on or about July 15, 2010, is determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction or other collateral review" remains pending.

As set out above, Petitioner did file a motion for post-conviction relief in state court, but did not do so until May 13, 2010, nine months after the expiration of the deadline to file his federal habeas petition. Because Petitioner failed to file a motion for post-conviction relief in the state court before the expiration of the deadline to file his federal petition, statutory tolling pursuant to Section 2244(d)(2) does not apply.

The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). Generally, equitable tolling is appropriate only in "rare and

---

[4]"Under the 'mailbox rule,' a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999).

exceptional circumstances." *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998). The petitioner bears the burden of proving the existence of rare and exceptional circumstances which warrant equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999) (citing *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)). The court should "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher*, 174 F.3d at 713 (quoting *Davis*, 158 F.3d at 811).

Petitioner offers several reasons why the Court should deem his Petition [1] timely. In his Response [8] in opposition to Respondents' Motion [6], Petitioner first claims that his petition is timely under Miss. Code Ann. § 99-39-5. Petitioner correctly notes that a motion for post-conviction relief under this statute "shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi . . . [,]" and that his state petition was timely under this statute. Miss. Code Ann. § 99-39-5(2). However, Petitioner ignores the one-year limitation period set forth in section 2244(d) for filing his federal petition, which began to run on August 13, 2008. Thus, Petitioner's argument is without merit.

Petitioner next claims that he was released on Early Release Supervision ("ERS") on April 8, 2008. He claims he received the Mississippi Supreme Court's ruling reinstating the trial court's judgment on May 15, 2008. He claims he called his appellate counsel, who advised him his case was over and there was nothing more he could do. *See* Response [8] at 5. He claims he contacted two more attorneys and got the same response. Therefore, "Petitioner reasoned that he did not have any chance to seek justice in his case and could no longer proceed." *Id.* at 5-6.

4

Petitioner claims it was not until February 17, 2010,[5] when he was returned to MDOC custody at the East Mississippi Correctional Facility ("EMCF") for violating the conditions of his ERS and received a "first-step packet MCA 99-39-1" that he learned he could challenge his conviction. *Id.* at 6. He claims the "clock" should start running on February 17, 2010, when he received knowledge of his rights through the MDOC prison law library. He claims that since the MDOC provides no legal assistance to individuals on ERS, this time must be tolled. *Id.*

Petitioner has not shown that he was "actively misled" or that he was prevented from asserting his rights. While Petitioner apparently claims he has a lack of understanding of the law, ignorance of the law and being *pro se* do not constitute such rare and exceptional circumstances. *See Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson,* 177 F.3d 390, 392 (5th Cir. 1999). Moreover, while Petitioner may not have had access to the MDOC law library while on ERS, he certainly was not prevented from accessing other publicly available materials to research his rights, or, as noted above, from conferring with legal counsel.

For the reasons set forth above, the Court is of the opinion that Petitioner has failed to meet his burden of establishing "rare and exceptional" circumstances sufficient to justify the application of equitable tolling to his time-barred petition.

## CONCLUSION

Petitioner's state court conviction became final on August 13, 2008. Based upon the one-year limitation period found in 28 U.S.C. § 2244(d)(1)(A), he had until August 13, 2009, at the latest, to file a federal petition for a writ of habeas corpus. Based on this Court's conclusion that Petitioner has failed to meet his burden of proving that statutory or equitable tolling is appropriate, and because he did not file his federal petition until July 15, 2010, he cannot avoid

---

[5]Plaintiff was returned to MDOC custody on November 29, 2009, but was not transferred to EMCF until February 17, 2010. *See* Response [8] at 6.

5

the statutory bar of Section 2244(d).

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Respondents' Motion to Dismiss [6] be GRANTED and that Petitioner's Petition for Writ of Habeas Corpus be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 2nd day of September, 2010.

s/ Michael T. Parker
United States Magistrate Judge