**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JAMES WESLEY SCOTT, #20590**

**VS.**                                                               **CIVIL ACTION NO. 2:10cv179-KS-MTP**

**STATE OF MISSISSIPPI, ET AL**

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DISMISSING CASE WITH PREJUDICE, ETC.**

This cause is before the Court on petition of James Wesley Scott for *Writ of Habeas Corpus* [1] filed pursuant to 28 U.S.C. § 2254 and Respondents' Motion to Dismiss [6] filed pursuant to 28 U.S.C. § 2244(d). A Report and Recommendation has been filed by Magistrate Judge Michael T. Parker [9] and an Objection has been filed to said Report and Recommendation by Plaintiff [10]. The Court has reviewed the above described documents and the record herein and finds that the Motion to Dismiss should be sustained and the petition dismissed with prejudice for the following reasons.

**I. PROCEDURAL HISTORY**

On or about September 6, 2001, Petitioner was convicted of robbery in the Circuit Court of Forrest County, Mississippi. Petitioner was sentenced to a term of fifteen years in the custody of the Mississippi Department of Corrections ("MDOC"). *See* Petition [1] at 1. Petitioner appealed his conviction and sentence to the Mississippi Supreme Court, and the Mississippi Court of Appeals reversed and remanded the trial court's judgment. After its motion for rehearing was denied, the State sought certiorari review, which was granted by the Mississippi Supreme Court on January 10, 2008. *See Scott v. State,* 981 So. 2d 964 (Miss. 2008). On May 15, 2008, the

1

Mississippi Supreme Court reversed the judgment of the Mississippi Court of Appeals and reinstated the trial court's judgment.  *Scott*, 981 So. 2d at 966; *see also* Ex. A to Motion [6-1]. According to the records of the Mississippi Supreme Court and the Petition [1] filed in this case, he did not file a petition for writ of certiorari to the United States Supreme Court.[1]

Petitioner filed a Motion for Leave to Proceed in the Trial Court with the Mississippi Supreme Court on or about May 13, 2010.[2]  The Mississippi Supreme Court denied the motion on June 16, 2010.[3]

Petitioner submitted his federal Petition for Writ of Habeas Corpus [1] on or about July 20, 2010.  The Respondents contend that Petitioner's Petition was not timely filed and that it should be dismissed.

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous,

---

[1] Petition [1] at ¶ 9(h); http://www.mssc.state.ms.us/appellate_courts/generaldocket.html (last visited 9/1/10).

[2] *See* Ex. B to Motion [6-2].

[3] *See* Ex. C to Motion [6-2].

conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

### III. PETITIONER'S OBJECTIONS AND ANALYSIS

The basis for Objection for the Petitioner is that the statute of limitations for filing a post conviction petition pursuant to § 99-39-5 of the Mississippi Code of 1972 is three years. The statute of limitations pursuant to 28 U.S.C. § 2244(d)(2) is one year and the petitioner argues that as long as there is time remaining on the statute of limitations to file a state post conviction petition, that the federal statute of limitations should be tolled. This is simply not the law. There is a one year statute of limitations from the time that the judgment in petitioner's case becomes final. It becomes final ninety days after the final ruling of the Mississippi Appellate Court. The petitioner waited almost two years to file his post conviction petition and during the interim his *habeas corpus* statute of limitations ran. Therefore, the petition is out of time and the case should be dismissed with prejudice.

### IV. CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Petitioner's Objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States

Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Petitioner's Complaint should be dismissed with prejudice.

**SO ORDERED this, the 3rd  day of November, 2010.**

                              *s/Keith Starrett*
                              **UNITED STATES DISTRICT JUDGE**